**SO ORDERED.**

**SIGNED this 02 day of February, 2010.**

_____
                                         **Stephani W. Humrickhouse**
                                      **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **ROBERT LEWIS FORKISH** | **09-06373-8-SWH** |
|     **DEBTOR** | |

## ORDER DISMISSING SHOW CAUSE ORDER
## AND DENYING OBJECTION TO CLAIM

The matters before the court in this chapter 13 case are the order to show cause directing Arlene Velasquez-Colon and Yevgeniya F. Forkish to appear and show cause why sanctions should not be imposed and the debtor's objection to the claim filed by Genya Forkish. A hearing took place in Raleigh, North Carolina on January 26, 2010.

Robert Lewis Forkish filed a petition for relief under chapter 13 of the Bankruptcy Code on July 31, 2009. Prior to this filing, Mr. Forkish became involved in a dispute with Genya Forkish in Granville County District Court involving several domestic issues, including child support, custody and equitable distribution. As a result, Mr. Forkish was ordered to make payments for child support to Ms. Forkish on August 22, 2008. Several related proceedings followed in state court, culminating in a July 17, 2009 order for Mr. Forkish to appear on August 4, 2009 to show cause why he should not be held in civil contempt for failure to comply with the court's prior order. On August 3, 2009,

Mr. Forkish filed a Suggestion of Bankruptcy in state court that included the filing date of Mr. Forkish's present bankruptcy case and mention of the automatic stay.  Ms. Colon attended the state court show cause hearing on August 4, 2009 and informed the Honorable Carolyn J. Yancey of the bankruptcy filing.  As a result, Judge Yancey determined that all issues except child support and child custody would be stayed for the duration of the bankruptcy case.  Shortly after the hearing, Ms. Colon submitted an affidavit of attorney's fees to Judge Yancey, reflecting 23.5 hours of legal services in connection with the child support issues.  On August 27, 2009, Judge Yancey entered an order (the "August 27 Order") requiring Mr. Forkish to pay $2,500.00 in attorney's fees to Ms. Forkish as reimbursement for fees paid to Ms. Colon for representation in connection with the child support dispute.[1]  The order required Mr. Forkish to pay the fees by October 12, 2009 or face incarceration in Granville County jail.  Ms. Colon notified the court of Mr. Forkish's bankruptcy filing and moved for a stay of the order, which was issued by Judge Yancey on October 14, 2009, nunc pro tunc to September 30, 2009.

**A.**     **The Show Cause Order of This Court**

Based upon a motion filed by Mr. Forkish, this court entered an order on September 14, 2009, for Ms. Colon and Ms. Forkish to show cause as to why sanctions should not be imposed against them for alleged violations of the automatic stay.  According to the motion, the portions of the August 27 Order that relate to immediate payment of attorney's fees and the potential sanction for nonpayment violate the automatic stay and should be vacated.  The motion further alleges that "the actions of the Respondent(s) in continuing to make demands for the payment of this prepetition

---

[1]This order was apparently entered on August 27, 2009 nunc pro tunc to August 12, 2009, the date on which the matter was heard.

2

debt, after Respondent(s) had actual or constructive notice of the bankruptcy petition, are willful, are intentional, are malicious and are in violation of the automatic stay provisions set forth in 11 U.S.C. § 362." Motion for Show Cause at 2.  At the show cause hearing, Mr. Forkish asserted that a willful violation of the automatic stay occurred when Ms. Colon appeared in state court seeking attorney's fees after receiving notice of the bankruptcy filing.  Mr. Forkish further argued that Ms. Colon should have taken immediate steps to cure the violation, but she did not take action until the show cause motion was filed.

      Ms. Forkish contends that since the filing of Mr. Forkish's bankruptcy petition, she has not asked the state court to enforce the orders for payment of child support or attorney's fees related to child support or sought incarceration for failure of payment.  Rather, it is the position of Ms. Forkish that her efforts to obtain a determination of her right to payment of attorney's fees in the child support dispute were excepted from the automatic stay and therefore did not constitute a violation of the stay.  Ms. Forkish further contends that she relied on the guidance of her divorce litigation attorney, Ms. Colon, following her lead in legal matters.

      Ms. Colon contends that Mr. Forkish repeatedly failed to pay his child support payments despite having sufficient funds to do so.  According to Ms. Colon, this resulted in the scheduling of numerous state court hearings, one of which was set for August 4, 2009.  Ms. Colon represents that she attended the August 4 hearing in order to establish a domestic support obligation, at which time Judge Yancey stayed all matters except child custody and attorney's fees related to the nonpayment of child support.  Ms. Colon further states that on the same day she attempted to reach Ryan Dyson, counsel for Mr. Forkish, by telephone to discuss the bankruptcy filing, followed by several further attempted contacts by telephone and written correspondence.  According to Ms. Colon, the only

response received from Mr. Dyson was a brief note via email stating his disagreement with her position once the show cause order had been entered.

### 1.     The hearing in state court on August 4, 2009

Section 362 of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). A violation of the stay is "willful" if the creditor has knowledge of bankruptcy petition and the act that violates the stay was intentional. In re Peterkin, 102 B.R. 50 (Bankr. E.D.N.C. 1989).[2] Based on the contentions of the parties, the primary issue before the court is whether either Ms. Colon's or Ms. Forkish's actions with respect to the state court child support proceeding constitute a violation of the automatic stay.

Under § 362(b) of the Bankruptcy Code, the continuation of a civil action or proceeding for the "establishment or modification of an order for domestic support obligations" is excepted from the automatic stay. 11 U.S.C. § 362(b)(2)(A). The term "domestic support obligation" is defined, in pertinent part, as:

> . . . a debt that accrues before, on, or after the date of the order for relief in a case under this title . . . that is–
> (A) owed to or recoverable by–
>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>> (ii) a governmental unit;

---

[2] This case was decided prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and therefore cites section 362(h) of the Bankruptcy Code, which is now 362(k).

>(B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
>(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of–
>
>>(i) a separation agreement, divorce decree, or property settlement agreement;
>>
>>(ii) an order of a court of record; or
>>
>>(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit . . .

11 U.S.C. §101(14A).  Based upon the facts as presented by the parties and the state court orders in evidence, it is clear that Mr. and Ms. Forkish were involved in a civil action related to Mr. Forkish's failure to pay child support at the time Mr. Forkish filed his bankruptcy petition.  The unpaid child support is a domestic support obligation because it is a debt owed to Ms. Forkish in the nature of support that was established by state court order.  It follows that if Ms. Forkish or Ms. Colon took action to establish or modify child support in state court after Mr. Forkish filed his bankruptcy petition, such action would be excepted from the automatic stay.  Further, "[a]ttorney's fees incurred by a former spouse to assist her in enforcing a child support order are in the nature of maintenance." Weems v. Cavaluzzi (In re Cavaluzzi), 364 B.R. 363 (Bankr. E.D. Mo. 2007).  The court therefore finds that neither Ms. Forkish nor Ms. Colon violated the automatic stay by appearing in state court after the commencement of Mr. Forkish's bankruptcy case.  The appearance in state court was permissible because the purpose was to establish the amount of attorney's fees incurred by Ms. Forkish in connection with the child support dispute.

### 2.     The state court order of August 27, 2009

Having determined that neither Ms. Forkish nor Ms. Colon violated the automatic stay by taking action to establish the amount of attorney's fees owed to Ms. Forkish, the court turns to Mr. Forkish's contentions as to the state court order of August 27, 2009 and the actions of Ms. Forkish and Ms. Colon thereafter.  In seeking sanctions against Ms. Forkish and Ms. Colon, Mr. Forkish contends that the portions of the August 27 Order that compel payment of a pre-petition debt and threaten incarceration violate the automatic stay and should be vacated.  Mr. Forkish has not offered a sufficient explanation, however, as to how the entry of an order by a state court constitutes a violation of the stay by Ms. Forkish or Ms. Colon, especially given that the state court had notice of the bankruptcy case.  Rather, it appears that upon receiving notice of the Suggestion of Bankruptcy filed on August 3, 2009, Ms. Colon promptly informed the state court on August 4, 2009 of the bankruptcy case and at no time after the bankruptcy filing did Ms. Colon seek to collect the fees or have Mr. Forkish incarcerated for nonpayment.  Neither Ms. Forkish nor Ms. Colon may therefore be held responsible for the entry of the overbroad order by the state court.

After the entry of the August 27 Order, Ms. Forkish and Ms. Colon had an obligation to take corrective action, as to the portions of the order pertaining to the debt of attorney's fees.  See, e.g., Sternberg v. Johnston, 582 F.3d 1114 (9th Cir. 2009) (holding that attorney for debtor's ex-spouse had an affirmative duty to relieve the violation of the automatic stay by the state court in issuing a post-petition order for payment of arrears and potential incarceration).  Based on the facts and circumstances, the court finds that Ms. Forkish and Ms. Colon fulfilled their duties to correct the overbroad portions of the state court order by pursuing a stay of the order.

Ms. Colon admits to being somewhat unfamiliar with bankruptcy law and procedure, as well as to drafting the August 27 Order, although she maintains that Judge Yancey dictated its contents. Regardless, soon after Ms. Colon learned that portions of the August 27 Order might violate the automatic stay, she filed a motion on September 22, 2009 in state court for a limited stay of the potential incarceration of Mr. Forkish and collection efforts for the attorney's fees.  On September 30, 2009, Ms. Colon appeared at the state court hearing on her motion to stay the order during the bankruptcy proceeding, to which Mr. Forkish objected.  Mr. Forkish contends that Ms. Colon only attempted to address the August 27 Order after the show cause motion was filed with this court on September 4, 2009.  Yet at that point Ms. Colon had been attempting to reach Mr. Dyson to discuss the implications of the bankruptcy filing since August 4, 2009.  Ultimately, it was Ms. Colon who alerted the state court as to the conflicts between its order and the automatic stay.  Under the circumstances of this case, the court finds that Ms. Colon acted within a reasonable time to correct the order of the state court and therefore neither Ms. Forkish nor Ms. Colon violated the stay after the entry of the August 27 Order.  Even if Ms. Forkish and Ms. Colon were held responsible for the state court order, their violation of the stay would be technical in nature, given their conduct after the entry of the August 27 Order.  In the absence of a willful violation of the automatic stay, the court will deny the request for sanctions against Ms. Forkish and Ms. Colon.  Based upon the foregoing, the show cause order is **DISMISSED**.

**B.     Mr. Forkish's Objection to the Claim Filed by Genya Forkish**

Mr. Forkish objects to the claim filed by Genya Forkish in the amount of $2,500.00 for the attorney's fees at issue in the show cause motion discussed above.  At the hearing, however, it was established that on August 18, 2009, Ms. Colon submitted a detailed affidavit of time spent in

connection with the child support dispute to the state court. It appears that based upon this affidavit and discussions in prior state court hearings, Judge Yancey determined that the amount of $2,500.00 reflects a reasonable award of attorney's fees attributable to Ms. Colon's representation of Ms. Forkish in the child support portion of the proceedings. Accordingly, the objection to the claim of Genya Forkish is **DENIED**.

**C.     Modification of State Court Order**

At the hearing, Mr. Forkish noted that the state court order staying execution of the August 27 Order could be lifted at any time. As a result, Mr. Forkish is concerned that he may face collection efforts as to the attorney's fees or incarceration for nonpayment of the fees during the course of the bankruptcy case, despite the automatic stay.

In order to conform the state court order of attorney's fees of August 27, 2009 to account for the automatic stay in Mr. Forkish's bankruptcy case, this court will modify the portion of the order related to payment of the attorney's fees and vacate the portions of the order that leave open the possibility of incarceration during the pendency of the bankruptcy proceeding. Accordingly, decretal paragraphs 2 and 4 of the ORDER FOR ATTORNEY'S FEES, entered August 27, 2009 in the matter of Robert Forkish vs. Genya Forkish, File No. 08 CVD 605, are **MODIFIED** to provide that the attorney's fees shall be paid through Mr. Forkish's bankruptcy case in accordance with the Bankruptcy Code. Further, decretal paragraph 3 is **VACATED**. As a result, the issues addressed in the order for limited stay of the August 27 Order, entered October 13, 2009, nunc pro tunc to September 30, 2009, are effectively resolved.

**SO ORDERED.**

**END OF DOCUMENT**